This is a medical malpractice case in which the plaintiffs, James O. Monk and Vivian B. Monk, appeal from a summary judgment in favor of the defendants, Dr. David Vesely and Dr. Harry Blaylock. We affirm.
On December 9, 1981, Dr. Blaylock performed surgery on James Monk's hands at St. Vincent's Hospital in Birmingham in order to alleviate pain stemming from a carpal tunnel syndrome. Mr. Monk was discharged from the hospital a week later. When he continued to have pain in his hands, Mr. Monk returned to St. Vincent's and was treated by Dr. Vesely. After this second visit to St. Vincent's, Mr. Monk still experienced pain in his hands and once again returned to St. Vincent's for further treatment, but this time under the care of another physician, Dr. Elkus. Dr. Elkus performed a second operation on Mr. Monk's hands in April 1982. On June 9, 1982, the plaintiffs filed a complaint against Dr. Vesely and Dr. Blaylock, alleging that the defendants had been negligent in their treatment of Mr. Monk and that Mr. Monk had been injured as a result of that treatment. Vivian Monk sought damages for loss of consortium. The trial court granted the defendants' motion for summary judgment, and the plaintiffs appeal.
Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Fountain v.Phillips, 404 So.2d 614 (Ala. 1981).
The question presented on appeal is whether the plaintiffs adduced any evidence of negligence on the part of the defendants. Rule 56(c); see Stewart v. Bay MinetteInfirmary, 501 So.2d 441 (Ala. 1986). In medical malpractice cases, the plaintiff must prove negligence through the use of expert testimony, unless an understanding of the doctor's alleged lack of due care or skill requires only common knowledge or experience. Therrell v. Fonde,495 So.2d 1046 (Ala. 1986); Powell v. Mullins, 479 So.2d 1119
(Ala. 1985). In the present case, the plaintiffs argue that they presented evidence tending to show negligence on the part of the defendants. The acts of negligence alleged by the plaintiffs (i.e., severance of a nerve, improper surgical procedure, and inadequate post-operative care) were subject to proof only through expert medical testimony. The plaintiffs, however, rely solely on *Page 1366 
the deposition testimony of Dr. Elkus to show that there is a genuine issue of fact as to whether the defendants deviated from the appropriate standard of care. Reviewing that testimony, we can find no evidence that would present a genuine issue of fact for trial. In fact, Dr. Elkus testified as follows with respect to the prior medical treatment rendered by Drs. Vesely and Blaylock:
 "Q. But Dr. Blaylock or Dr. Vesely didn't do anything in this case that you know of to cause a carpal tunnel syndrome?
"A. No.
 "Q. Did Dr. Vesely or Dr. Blaylock do anything at all to cause a compression of the median nerve?
 "A. Not that I could find with surgery or on my physical examination.
 "Q. Did Dr. Blaylock or Dr. Vesely do anything at all to cause a median nerve problem?
"A. No.
 "Q. Now, from having gone in, as you have, and done what you've done, do you see anything at all that indicated that Dr. Blaylock or Dr. Vesely did anything in this procedure in a negligent fashion or an improper fashion?
"A. No.
 "Q. I believe you have said that the fact that you have a recurrence, or a necessity of doing the syndrome operation again, does not designate negligence or wrongdoing by the first physician, does it?
"A. No.
 "Q. Did you ever, at any time, tell Mr. Monk that Dr. Blaylock had done anything wrong?
"A. No." (Emphasis added.)
The plaintiffs also argue that it was unnecessary to show by expert medical testimony that the second operation performed on Mr. Monk by Dr. Elkus was necessitated by some negligence on the part of Drs. Vesely and Blaylock during their treatment of Mr. Monk. We disagree. The doctrine of res ipsa loquitur does not apply here. See Rosemont, Inc. v. Marshall,481 So.2d 1126 (Ala. 1985). The burden rested on the plaintiffs to show by expert medical testimony that the defendants were negligent in their treatment of Mr. Monk. They did not meet this burden. We note that Dr. Elkus, in his deposition testimony set out above, acknowledged that the necessity of a second operation to treat a carpal tunnel syndrome "does not designate negligence or wrongdoing by the first physician."
For the foregoing reasons, summary judgment for the defendants was proper.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.