The plaintiff's appeal presents one question: Whether the trial court, in a medical malpractice case, erroneously instructed the jury that "where the proper course [of treatment] is subject to reasonable doubt, a physician is not liable for an error in judgment, an honest mistake." The defendant's cross-appeal presents the issue of whether he was entitled to a directed verdict because the plaintiff failed to present any expert medical testimony that the defendant's alleged negligence proximately caused the death of Ollie Powers Sasser. Because we find that the plaintiff did not present any expert medical testimony that the doctor's alleged negligence probably caused Ollie's injuries and death and that the defendant was therefore entitled to a directed verdict, we do not address the plaintiff's issue concerning the jury charge.
 FACTS
John Lee Sasser, as administrator of the estate of Ollie Powers Sasser, filed a wrongful death action against Dr. Francis Connery. The plaintiff alleged that Dr. Connery's failure to conduct certain tests on Ollie resulted in her eventual death from cancer, a cancer that plaintiff alleges could have been effectively treated if those tests had been conducted and the cancer detected earlier. At the close of the plaintiff's case and at the close of all the evidence, Dr. Connery moved for a directed verdict; both times, the trial court denied that motion. The jury returned a verdict in favor of Dr. Connery.
 I
"In medical malpractice cases, the plaintiff must prove negligence through the use of expert testimony, unless an understanding of the doctor's alleged lack of due care or skill requires only common knowledge or experience." Monk v. Vesely,525 So.2d 1364, 1365 (Ala. 1988). As this Court *Page 51 
stated in Peden v. Ashmore, 554 So.2d 1010 (Ala. 1998):
 " 'A directed verdict is proper where there is a complete absence of pleading or proof on an issue or issues material to a cause of action. Shellnutt v. Randolph County Hospital, 469 So.2d 632 (Ala.Civ.App. 1985). . . . When a directed verdict motion is made, the evidence should be viewed in the light most favorable to the opposing party, and if a reasonable inference can be drawn against the moving party, then the trial court should deny the motion. Turner v. People's Bank of Pell City, 378 So.2d 706 (Ala. 1979).' "
554 So.2d at 1012-13 (quoting Dobbs v. Smith, 514 So.2d 871,872 (Ala. 1987)). The Court went on to state:
 "The plaintiff must adduce some evidence that the alleged negligence probably caused the injury or death:
 " 'In a medical malpractice case, in order to find liability there must be more than a mere possibility that the alleged negligence caused the injury. Williams v. Bhoopathi, 474 So.2d 690, 691 (Ala. 1985). There must be some evidence that that negligence probably caused the injury. Orange v. Shannon, 284 Ala. 202, 206, 224 So.2d 236, 239 (1969)'
 "Howard v. Mitchell, 492 So.2d 1018, 1019 (Ala. 1986)."
554 So.2d at 1013 (emphasis original).
Because this lawsuit was filed prior to June 11, 1987, the "scintilla rule" applies to this case. See Ala. Code 1975, §12-21-12. Sasser did have experts testify, but none of them testified that Dr. Connery's alleged negligence caused any injury to the deceased. None of the experts could say that if Dr. Connery had conducted the tests in question and had found the cancer, then Ms. Sasser's life would have been saved or even extended. One of the plaintiff's experts, Dr. Goldstein, testified that it was equally probable that an early diagnosis of Ollie's cancer would not have changed the outcome or extended her life; he stated that his testimony was "speculation" and that he could not say whether with the tests she would have lived longer. Another of the plaintiff's experts, Dr. Addison, could not testify as to any medical probability that an earlier diagnosis would have changed the outcome or would have extended Ollie's life. In Peden, the experts also testified that their testimony was "speculation" and that while they disagreed with the defendant's treatment, they could not say that it made a difference one way or the other. Here, Sasser did not produce a scintilla of evidence that Dr. Connery's alleged negligence probably caused Ollie's death or probably caused her life to be shortened. Without this scintilla of evidence that Dr. Connery probably caused Ollie's death or that earlier diagnosis probably would have extended her life, Sasser failed to meet the burden of proof, and the case was improperly submitted to the jury.
 II
Although the trial court erred in submitting this case to the jury, the jury returned a verdict for Dr. Connery. We find that it would be a waste of judicial resources for this Court to reverse the judgment for Dr. Connery entered pursuant to a favorable jury verdict and remand the cause just to have the trial court enter another judgment for him. Therefore, the judgment in favor of Dr. Connery is due to be affirmed. Because of that holding, we do not address the plaintiff's argument that the trial court improperly instructed the jury.
88-1113 AFFIRMED.
88-1171 AFFIRMED.
ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
HORNSBY, C.J., and JONES, J., concur specially.