The plaintiffs appeal from a summary judgment for the defendants, Providence Hospital and Elizabeth Newberry, in a case brought under the Alabama Medical Liability Act, § 6-5-480
et seq., as supplemented by the Alabama Medical Liability Act of 1987, § 6-5-540 et seq. We affirm.
Marie Catherine Leonard, an 81-year old woman, fell out of bed in Providence Hospital in Mobile County, Alabama, and broke her hip. She had been admitted to the hospital because of asthma, diabetes, and chronic lung disease. She sued the hospital and Nurse Elizabeth Newberry, alleging medical malpractice on the part of the nurse and the hospital, specifically that the nurse had failed to keep the siderails up on her bed.[1]
The question before us is whether the trial court erred in entering the summary judgment in favor of the nurse and the hospital. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981).
In this case, Rule 56 must be read in conjunction with the "substantial evidence rule" set out at § 6-5-548(a) and the following definition of "substantial evidence" appearing at §6-5-542(5) of the Alabama Medical Liability Act:
 "(5) SUBSTANTIAL EVIDENCE. Substantial evidence is that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed."
The record reflects that Dr. Marc S. Gottlieb, Mrs. Leonard's attending physician, testified that nurses should follow any orders that he gives for the care of his patients. However, he never gave any order directing the nursing staff to keep the siderails up on Mrs. Leonard's bed at all times and never gave any ambulatory precautions. Dr. Gottlieb testified that Mrs. Leonard would have been able to operate the siderails by herself. Nurse Newberry's notes indicate that Mrs. Leonard herself let down the siderail, left the bed, and fell while she was walking. On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, as in the present case, the burden shifts to the nonmovant to show "substantial evidence" in support of his position. Bean v. Craig, 557 So.2d 1249, 1252 (Ala. 1990). The plaintiff did not meet this burden.
This case was brought under the Alabama Medical Liability Act, as supplemented. *Page 908 
Section 6-5-548(a), regarding the plaintiff's burden of proof, provides as follows:
 "(a) In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill and diligence as other similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case."
This section has been read as requiring that the "community" standard of due care, see § 6-5-484(a), be established by expert medical testimony. Rosemont Inc. v. Marshall,481 So.2d 1126 (Ala. 1985); Loeb v. Cappelluzzo 583 So.2d 1323 (Ala. 1991). Mrs. Leonard admits that she did not submit expert testimony; however, she contends that her claim against the hospital comes within an exception to the rule requiring expert testimony, because she claims that the lack of care was so apparent as to be within the comprehension of the average layman. Therrell v. Fonde, 495 So.2d 1046 (Ala. 1986); Walkerv. Southeast Alabama Medical Center, 545 So.2d 769 (Ala. 1989).
In a case such as this, when there is no medical order requiring a certain type of treatment or precaution, it becomes a question of proper nursing practice and care under the particular facts and circumstances of the case. Expert testimony is needed to establish the degree of "care, skill and diligence" used by "similarly situated health care providers in the same general line of practice."
The summary judgment for the defendants is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
[1] Her husband, Ormond C. Leonard, sued for damages for loss of consortium; however, he died before the summary judgment was entered.