The plaintiffs, Angela Golden and her husband, Ralph Golden, appeal from a summary judgment against Angela Golden's medical malpractice claims against Dr. Daniel Stein and against Ralph Golden's derivative loss of consortium claim against Dr. Stein.
In opposition to the defendant's summary judgment motion, the Goldens submitted two affidavits. The first affidavit, by Angela Golden, states:
 "On January 9, 1992, I went to see Dr. Stein at his office in Prattville to get a temporary tubal ligation performed. I told him [that] Dr. Coles had [already] done biopsies and laparoscopic surgery [on me] and [had] discovered that I had a papilloma virus. I informed Dr. Stein that Dr. Coles had told me that I would continue to have Class II pap [smears] because of the virus and [that] this was normal. We discussed my mother's medical history . . . [of] cancer in her reproductive organs. Stein took me to another room and did a biopsy. . . . We went back to his office and he informed me that I had a pre-cancer and needed surgery right away. He only informed me of [the] laser procedure which [he] referred to as the HELD procedure. . . . He informed me that I needed to have the surgery done so that I would not have to go through what my mother went through. *Page 906 
 "The history [that] I gave Dr. Stein on the January 9th visit was as follows:
 "(1) that I experienced menstrual periods . . . [that] were regular with very light flow and only minimal pain or cramping;
 "(2) [the] pain usually [was] relieved with activity;
 "(3) [the] periods did not interfere with [my] lifestyle . . . [and]
 "[4] [my] history of Class II pap smears [had been] treated with cryosurgery. . . .
 "I did not state that I had severe dysmenorrhea or painful periods nor did I [state that] I have severe pain during intercourse or irregular or aggressive bleeding as [Stein] noted in [his] preoperative note."
On January 28, 1992, Dr. Stein performed a tubal ligation on Angela Golden and also performed a laser procedure to remove "pre-cancerous" cells from her cervix. Following the surgery, she complained of excessive bleeding and severe itching and burning. The basis of her claim and her husband's loss of consortium claim against Dr. Stein is her allegation that the laser procedure was unnecessary and had been performed without her informed consent. The Goldens also later amended their complaint to include a claim alleging fraud.
Stein filed a motion for summary judgment. The trial court granted his motion, holding:
 "The evidence presented by the Plaintiffs in opposition to the Defendant's motion fails to establish from expert testimony, that a genuine issue of disputed fact exists over whether the alleged 'unnecessary surgery' proximately caused the Plaintiffs any injury or damage. The alleged lack of skill or care on the part of Defendant Stein and the issue of causation are not so apparent in this case as to be within the comprehension of the average layman. Therefore, this Court finds that the issue of causation must be established here by expert testimony."
The trial court chose to discount the affidavit of the plaintiffs' expert, stating that "[t]he expert testimony is based solely upon Dr. Monica Jones's acceptance of facts hypothecated by the plaintiff." The trial court further stated that "[n]owhere does Dr. Jones conclude that any surgery procedure performed by Dr. Stein caused any injury or damage to the Plaintiff Mrs. Golden."
The plaintiffs argue on appeal that the summary judgment was in error as it related to their claim alleging that through negligence he performed unnecessary surgery, their claim that he performed the surgery without informed consent, and Ralph Golden's derivative loss of consortium claim, but they do not question the summary judgment as it relates to their claim alleging that he acted wantonly in performing the unnecessary surgery and their claim alleging fraud.
To be entitled to a summary judgment, the defendant must "make a prima facie showing that no genuine issue of material fact exist[s] and that [he or she is] entitled to a judgment as a matter of law." Bird v. Auto Owners Ins. Co., 572 So.2d 394,396 (Ala. 1990); Rule 56, Ala.R.Civ.P. Once the defendant makes this prima facie showing, the plaintiff has "the burden . . . to present [substantial] evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment [for the defendant]." Bird, 572 So.2d at 396.
In order for a plaintiff alleging medical malpractice to rebut a defendant's prima facie showing, the plaintiff must produce substantial evidence[1] establishing "(1) that the *Page 907 
defendant breached the standard of care and (2) that this breach proximately caused the plaintiff's injuries."Williams v. Spring Hill Memorial Hosp., 646 So.2d 1373, 1375
(Ala. 1994). "Ordinarily, the plaintiff is required to prove these elements through expert testimony." Levesque v. RegionalMedical Center Bd., 612 So.2d 445, 448 (Ala. 1993).
In response to the defendant's summary judgment motion, the Goldens produced an affidavit from their OB-GYN expert witness Dr. Monica Jones, in addition to Angela Golden's affidavit. Dr. Jones stated:
 "I am a treating physician of Angela Golden, and [I] am familiar with Ms. Golden's history and her condition. . . .
 "The history I received from Ms. Golden was that prior to January 9, 1992, her menstrual periods were regular with very light flow, minimal pain or cramps, that her pain was usually relieved with activity and that her periods did not in any way interfere with her lifestyle. Also, I was told that she had a history of Class II pap smears which had been treated in the past with cryosurgery.
 "Assuming that the history that I was given by Ms. Golden is true and assuming that she did not have a history of severe, painful periods and pain during intercourse, irregular bleeding, or in fact, did not have pelvic pain, severe dysmenorrhea or severe dyspareunia or menometrorrhagia, then in my opinion, the laser surgery performed by Dr. Stein was unnecessary. Furthermore, it would be my professional opinion that . . . the performing of the laser surgery was deviation from the standard of care in the medical profession."
The form of Dr. Jones's affidavit testimony was proper. This Court has repeatedly held: "[A]n expert witness may give opinion testimony based upon either facts of which he has personal knowledge or facts which are assumed in a hypothetical question. . . . In either event, 'the facts known to the expert or hypothe[sized] must be facts in evidence.' Hagler v.Gilliland, 292 Ala. 262, 265, 292 So.2d 647 (1974)." Welch v.Houston County Hosp. Bd., 502 So.2d 340, 345 (Ala. 1987) (quoting Thompson v. Jarrell, 460 So.2d 148, 150 (Ala. 1984)). Dr. Jones correctly based her opinion on facts that were contained in Angela Golden's affidavit, which was properly in evidence before the trial court while it was considering the defendant's summary judgment motion.
The plaintiffs clearly produced substantial evidence of the first element of their medical malpractice cause of action. Dr. Jones's affidavit testimony is sufficient to at least initially raise a factual issue as to whether Dr. Stein "breached the standard of care" by performing laser surgery on Angela Golden under the circumstances that existed then.
In addition to presenting substantial evidence that the defendant breached the standard of care, a medical malpractice plaintiff must produce substantial evidence that "the alleged negligence 'probably caused the [complained of] injury,' " in order to survive a summary judgment motion, if the defendant has made a prima facie showing that no genuine issue of material fact exists as to the issue of causation. Williams v.Spring Hill Memorial Hosp., 646 So.2d 1373, 1374 (Ala. 1994) (quoting Leonard v. Providence Hospital, 590 So.2d 906, 907
(Ala. 1991)). Although Dr. Stein failed to initially "make a prima facie showing that no genuine issue of material fact existed" as to the element of proximate cause, the plaintiffs presented sufficient evidence to establish that there was a genuine issue as to proximate cause. In most medical malpractice cases, proximate cause must be established by expert testimony. See, e.g., Bradford v. McGee, 534 So.2d 1076,1080 (Ala. 1988). The reason for this rule is that issues of proximate cause in medical malpractice cases are ordinarily "beyond 'the ken of the average layman.' " C. Gamble, McElroy'sAlabama Evidence, § 127.01(5)(c), p. 333 (4th ed. 1991).[2] *Page 908 
But in cases like this one, involving allegations that a defendant performed unnecessary medical procedures, the issue of proximate cause is not always "beyond the ken of the average layman." Clearly, the average layman, without the assistance of an expert, can recognize a causal connection between the performance of an unnecessary operation and most items of harm or injury claimed by the plaintiffs in this case. The cost of the unnecessary procedure, any provable pain and suffering or lost consortium associated with the unnecessary procedure, and any wages that can be proven to have been lost during the normal recovery period for such an operation would constitute harm or damage the proximate cause of which would be "within the comprehension of average laymen." See Williams v. SpringHill Memorial Hospital, 646 So.2d 1373, 1375 (Ala. 1994). However, any claims for damages based on complications from the unnecessary procedure would be subject to the general rule that expert testimony is normally required to establish proximate cause in the medical malpractice context.
Having considered the Goldens' arguments as to the issue of informed consent, we conclude that they have no merit. The summary judgment was proper as to the claims alleging a lack of informed consent.
The summary judgment is reversed insofar as it relates to Angela Golden's claim alleging that Dr. Stein negligently performed unnecessary surgery and insofar as it relates to Ralph Golden's derivative claim alleging loss of consortium. Otherwise, it is affirmed. The case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and ALMON, INGRAM, and BUTTS, JJ., concur.
[1] In Williams v. Spring Hill Memorial Hosp., 646 So.2d 1373
(Ala. 1994), this Court stated:
 "In McAfee, this Court wrote the following regarding a summary judgment in a medical malpractice case,
 " 'Rule 56 must be read in conjunction with the "substantial evidence rule" as defined by Ala. Code 1975, § 6-5-542(5), part of the Alabama Medical Liability Act:
 " ' "(5) SUBSTANTIAL EVIDENCE, Substantial evidence is that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed." '
 " ' "When the movant makes a prima facie showing that no genuine issue of material fact exists, . . . the burden shifts to the nonmovant to show 'substantial evidence' in support of his position." ' Leonard v. Providence Hospital, 590 So.2d 906, 907 (Ala. 1991)."
Id. at 1374 (quoting McAfee v. Baptist Medical Center,641 So.2d 265, 266 (Ala. 1994)).
[2] The converse of this principle is also the law in Alabama: "the opinion of [an] expert is inadmissible upon matters of common knowledge." C. Gamble, McElroy's Alabama Evidence, § 127.01(5)(c), p. 333 (4th ed. 1991).