MURDOCK, Justice.
Diane Bibb appeals from a summary judgment entered by the Montgomery Circuit Court in favor of the Center for Pain of Montgomery, P.C. (“the Center”), on Bibb’s claim alleging medical negligence. We affirm the trial court’s judgment.

I. Facts and Procedural History

Bibb alleged in her complaint that she was injured on March 5, 2004, when Dr. Bradley Katz, a board-certified anesthesiologist employed by the Center, administered a cervical epidural steroid injection (“CESI”) to her. Bibb states that the CESI, which is injected into the neck, was intended to relieve her neck pain. Bibb alleges that at some point after the injection she lost the use of her left hand and has never regained the use of that hand.
Bibb filed an action alleging medical negligence against the Center under the Alabama Medical Liability Act, § 6-5-480 et seq. and § 6-5-540 et seq., Ala.Code 1975, on March 3, 2006.[1] The Center filed a motion for a summary judgment on July 10, 2007. In support of the motion, the Center submitted an affidavit from Dr. Katz in which he testified to his expertise in the medical specialty of anesthesiology and explained that at all times during his *1137 treatment of Bibb he met or exceeded the standard of care to which other board-certified anesthesiologists would have been held in a similar case.
Bibb filed a response in opposition to the Center’s summary-judgment motion on July 24, 2007. Bibb relied solely on the doctrine of res ipsa loquitur to establish that the Center breached the applicable standard of care. In support of her response, Bibb filed her own affidavit, in which she stated that it was “apparent” that the loss of the use of her left hand is “in an area remote from where [she] was being treated.” She averred that “[t]his type of injury does not occur in the absence of someone’s negligence and the injury occurred while [Dr. Katz] was in the exclusive control of [her] person while undergoing an injection for neck pain.”
After a hearing, the trial court granted the Center’s motion for a summary judgment; it did not provide its rationale for doing so. Bibb appeals.

II. Analysis

“In order for a plaintiff alleging medical malpractice to rebut a defendant’s prima facie showing, the plaintiff must produce substantial evidence establishing ‘(1) that the defendant breached the standard of care and (2) that this breach proximately caused the plaintiffs injuries.’ Williams v. Spring Hill Memorial Hosp., 646 So.2d 1373, 1375 (Ala.1994). ‘Ordinarily, the plaintiff is required to prove these elements through expert testimony.’ Levesque v. Regional Medical Center Bd., 612 So.2d 445, 448 (Ala.1993).”
Golden v. Stein, 670 So.2d 904, 906-07 (Ala.1995) (footnote omitted).
Bibb admits that she did not submit any expert testimony. She argues, however, that the circumstances of her case fall into an exception to the general requirement of expert testimony in a medical-malpractice action, i.e., the doctrine of res ipsa loquitur.
In discussing the general rule that requires expert testimony in a medical-malpractice action, this Court has held: “A narrow exception to this rule exists ‘ “in a case where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it.” ’ ” Ex parte HealthSouth Corp., 851 So.2d 33, 38 (Ala.2002) (quoting Tuscaloosa Orthopedic Appliance Co. v. Wyatt, 460 So.2d 156, 161 (Ala.1984), quoting in turn Dimoff v. Maitre, 432 So.2d 1225, 1226-27 (Ala.1983), quoting in turn Lloyd Noland Found., Inc. v. Harris, 295 Ala. 63, 66, 322 So.2d 709, 711 (1975)). “This exception has usually been applied under circumstances where the doctrine of res ipsa loquitur is applicable, or where the injury complained of is in no way connected to the condition for which the plaintiff sought treatment.” Bell v. Hart, 516 So.2d 562, 566 (Ala.1987) (citations omitted).
Bibb contends that the doctrine of res ipsa loquitur applies in her case because, she says, the loss of the use of her left hand is allegedly “in no way connected to” the treatment of her neck pain. Therefore, she asserts, it requires no special knowledge to conclude that Dr. Katz was negligent in administering the CESI. This argument is without merit. This Court has stated that the exception refers to “such cases ‘as an injury to an arm and shoulder during an operation for appendicitis, or an injury to an eye during the same type of operation.’ ” Anderson v. Alabama Reference Labs., 778 So.2d 806, 811 (Ala.2000) (quoting Powell v. Mullins, 479 So.2d 1119, 1121 (Ala.1985) (citations and quotation marks omitted in Anderson)). Those situations do not describe the facts in Bibb’s case because it is *1138 indeed conceivable that a person could lose feeling in an extremity as a result of an injection near the spinal cord.
Bibb’s allegation plainly calls into question the manner in which Dr. Katz performed the CESI and the effect a CESI could have upon Bibb’s neurological condition. The need for expert testimony “is dependent upon whether the average person is able to decide without expert testimony whether or not the procedure followed in any given case falls below the acceptable standard.” Tuscaloosa Orthopedic Appliance Co., 460 So.2d at 161. The standard of care for administering a CESI and the risks, if any, associated with administering a CESI in accordance with that standard of care are not subjects within the knowledge of the average person. The administration of the CESI involves “specialized training and knowledge that puts an understanding of the acceptable standard of care ... beyond the common knowledge of the jury. Laymen do not have the background and knowledge without expert testimony to understand whether or not [the CESI] has been properly [administered].” Tuscaloosa Orthopedic Appliance Co., 460 So.2d at 162.
Bibb needed to present expert testimony as substantial evidence of the breach of the standard of care and causation of the injury to her left hand in order to rebut the Center’s properly supported summary-judgment motion. Because Bibb did not present such evidence, the trial court correctly granted the Center’s motion for a summary judgment.
AFFIRMED.
COBB, C.J., and LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.

. Bibb amended her complaint on August 17, 2006, to include an allegation that Dr. Katz performed the CESI on behalf of the Center, but she never named Dr. Katz as an individual defendant.