Rel: May 12, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

_____

## SC-2022-0681
_____

**Angelia Taylor, as personal representative of the Estate of Willie M. Latham, deceased**

**v.**

**Methodist Home for the Aging d/b/a Fair Haven and Maria Ephraim**

**Appeal from Jefferson Circuit Court**
**(CV-19-905045)**

STEWART, Justice.

Angelia Taylor, as personal representative of the Estate of Willie

M. Latham, deceased, appeals from the denial by operation of law of her

Rule 59(e), Ala. R. Civ. P., motion seeking to vacate an arbitration award entered in favor of Methodist Home for the Aging d/b/a Fair Haven and its administrator, Maria Ephraim (referred to collectively as "Fair Haven"). We affirm.

Relevant Background

From August 1, 2018, until September 16, 2018, Latham was a resident of a nursing home operated by Methodist Home for the Aging. While a resident, Latham fell and broke her hip. Latham was eventually transported to a hospital for surgery, and she died a few days later. In November 2019, Taylor, as the personal representative of Latham's estate, commenced in the Jefferson Circuit Court a wrongful-death action under the Alabama Medical Liability Act of 1987, § 6-5-540 et seq., Ala. Code 1975 ("the 1987 AMLA"),[1] against Fair Haven and other defendants not involved in this appeal.[2] In December 2019, Fair Haven moved to compel arbitration pursuant to an arbitration agreement Latham had

---

[1] The 1987 AMLA is "intended to supplement" the original Alabama Medical Liability Act, which was enacted in 1975 and is codified at § 6-5-480 et seq., Ala. Code 1975. § 6-5-541, Ala. Code 1975.

[2] Taylor does not appeal the circuit court's judgment insofar as it relates to the other defendants.

signed. The parties filed a joint stipulation to submit the case to arbitration, and in February 2020 the circuit court entered an order compelling arbitration. Thereafter, Taylor filed a demand for arbitration with Judicial Administration and Mediation Services, Inc.

While in arbitration, Fair Haven moved for a summary judgment supported with evidentiary submissions. Taylor filed a response in opposition to Fair Haven's summary-judgment motion that she, likewise, supported with evidence.

On November 22, 2021, the arbitrator issued a final award in favor of Fair Haven, finding, in pertinent part:

"The claims in this case are governed by the [1987] Alabama Medical Liability Act, which requires 'substantial evidence' that the standard of care was breached and that the breach was the proximate cause of the injury or death. Golden v. Stein, 670 So. 2d 904, 906-07 (Ala. 1995). Expert testimony is required to establish the standard of care, and a breach of that standard. Anderson v. Alabama Reference Labs, 778 So. 2d 806, 8011 (Ala. 2000). That expert testimony must come from a health care provider with proper credentials who is 'similarly situated' to the health care provider whose conduct is in issue. Alabama Code § 6-5-548(e).

"Not only are the nursing experts relied upon by [Taylor] not similarly situated, the only standard of care utilized is one published by a Nursing Association. If that were proper under the [1987] AMLA, there would be no need for expert testimony from a similarly situated professional. Additionally, rather tha[n] specify the precise conduct required, the witness only

3

stated that a nurse should 'go above and beyond,' a standard that is impossible to practically apply in this case.

"The [1987] AMLA also requires that [Taylor] establish that the breach in the standard of care 'probably' caused Ms. Latham's death. University of Alabama Health Svcs. Foundation v. Bush, 638 So. 2d 794, 802 (Ala. 1994). [Taylor's] medical expert attempts to link her fall to her ultimate demise, but that effort not only fails to link a specific breach and the death, it is based on speculation and conjecture by the witness, which renders it of no value. See Bradley v. Miller, 878 So. 2d 262, 266 (Ala. 2003). [Taylor's] medical expert did eliminate [Taylor's] delay in treatment claim, however, opining that the timing of the surgery did not affect Ms. Latham's outcome.

"[Taylor] has failed to introduce any evidence in support of her other claims. As a result of all these failings, the motions of [Fair Haven] must be and are hereby GRANTED."

(Capitalization in original.)

On December 22, 2021, Taylor filed in the circuit court a notice of appeal from the arbitration award pursuant to Rule 71B, Ala. R. Civ. P. On January 24, 2022, Taylor filed a motion to set aside or vacate the arbitration award. In response, Fair Haven filed a motion for the entry of a final judgment and a motion in opposition to Taylor's motion to vacate the arbitration award. On February 2, 2022, the circuit court entered an order noting that the purported postjudgment motions were not ripe, because the circuit clerk had not entered the arbitration award

as a final judgment, and it directed the circuit clerk to enter the arbitration award as a judgment of the court. See Rule 71B(f), Ala. R. Civ. P. On February 22, 2022, the circuit clerk entered the arbitration award on the record as a final judgment. On that date, Taylor's postjudgment motion became effective. See Ex parte Cavalier Home Builders, LLC, 275 So. 3d 1110, 1111-12 (Ala. 2018) (holding that a postjudgment motion seeking to vacate an arbitration award pursuant to the process found in Rule 71B(f), Ala. R. Civ. P., that was filed before the circuit clerk had entered the award as a judgment, became effective when the award was entered as a judgment). Taylor's motion to vacate was denied by operation of law 90 days later, on May 23, 2022.[3] See Rule 59.1, Ala. R. Civ. P. Because the 42d day following May 23, 2022, was Independence Day, Taylor timely filed a notice of appeal to this Court on July 5, 2022. See Rule 4(a) and Rule 26(a), Ala. R. App. P.

Standard of Review

"The standard by which an appellate court reviews a trial court's order confirming an arbitration award under the Federal Arbitration Act

---

[3]On June 23, 2022, the circuit court purported to enter an order stating that Taylor's motion to set aside or vacate the arbitrator's award is "denied by operation of law."

5

is that questions of law are reviewed de novo and findings of fact are reviewed only for clear error." Hereford v. D.R. Horton, Inc., 13 So. 3d 375, 378 (Ala. 2009) (citing Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1289 (11th Cir. 2002)).

## Discussion

Taylor contends that the circuit court should have granted her motion to vacate the arbitration award. In support of her argument, Taylor asserts that she offered expert testimony from her proposed expert, Sonya Prichard-Prins, a nursing-home nurse, as to Fair Haven's breach of the standard of care. Taylor also argues that she presented substantial evidence demonstrating that Prichard-Prins possessed the requisite experience required under the 1987 AMLA to be considered a similarly situated health-care provider and that she was qualified to opine to all of Fair Haven's alleged breaches of the standard of care. See § 6-5-548(c), Ala. Code 1975 (defining a "similarly situated health care provider").

The Federal Arbitration Act, 9 U.S.C. § 1 et seq., provides limited grounds for vacating an arbitration award. 9 U.S.C. § 10. One such ground is "where there was evident partiality or corruption in the

arbitrators, or either of them." 9 U.S.C. § 10(a)(2). In considering a motion to vacate an arbitration award, a trial court is constrained in its review; it may only ascertain whether one of the specific grounds to vacate the arbitration award recognized in 9 U.S.C. § 10 exists. Guardian Builders, LLC v. Uselton, 154 So. 3d 964, 968 (Ala. 2014) (quoting R.P. Indus., Inc. v. S & M Equip. Co., 896 So. 2d 460, 464 (Ala. 2004)).

Taylor asserts that there was evidence of partiality on the part of the arbitrator, and she relies solely on Waverlee Homes, Inc. v. McMichael, 855 So. 2d 493 (Ala. 2003), in which this Court discussed numerous federal cases and recognized that a trial court should use the "reasonable impression of partiality" standard in reviewing allegations of "evident partiality" seeking to set aside arbitration awards. That standard requires the trial court to consider whether the movant has presented credible, admissible evidence "that gives rise to an impression of bias that is direct, definite, and capable of demonstration, as distinct from a 'mere appearance' of bias that is remote, uncertain, and speculative." Waverlee, 855 So. 2d at 508. The federal cases addressed in Waverlee involved evidence demonstrating that the arbitrator and one of the parties had some sort of undisclosed relationship or business dealing

7

that could cause a reasonable person to conclude that the arbitrator was partial to one party. See <u>Lexington Ins. Co. v. Southern Energy Homes, Inc.</u>, 101 So. 3d 1190, 1205 (Ala. 2012). Alternatively, a movant may present evidence of actual bias to support its allegations seeking to set aside an arbitration award based on bias or partiality. See <u>id.</u>

Taylor asserts that she presented the circuit court with "the undisputed evidence of nurse Prichard-Prins'[s] qualification to testify as a nursing home nurse expert against Fair Haven and its nurses," which she asserts "is admissible, credible, and gives rise to an impression of [the arbitrator's] bias that is direct, definite and capable of demonstration." Taylor's brief at 15. Although Taylor asserts "partiality" as the basis for vacating the arbitration award, her supporting argument centers on the sufficiency of the evidence to support a summary judgment and whether the arbitrator correctly concluded that her expert was not qualified as a similarly situated health-care provider.

The arbitrator's failure to rule in Taylor's favor and the arbitrator's failure to accept her proposed expert as a similarly situated health-care provider under the 1987 AMLA are not evidence of partiality. Taylor did not present the circuit court with any allegation of bias or partiality on

8

the part of the arbitrator, and she did not present any evidence "that gives rise to an impression of bias that is direct, definite, and capable of demonstration, as distinct from a 'mere appearance' of bias that is remote, uncertain, and speculative." <u>Waverlee</u>, 855 So. 2d at 508. Likewise, Taylor has not presented this Court with any allegations supporting an impression of bias or partiality. Because Taylor did not present argument or evidence to the circuit court establishing a specified ground under 9 U.S.C. § 10 for vacating the arbitration award, the circuit court had no basis on which to grant her motion to vacate. <u>Guardian Builders</u>, 154 So. 3d at 968. Accordingly, Taylor has not demonstrated that the denial by operation of law of her motion to vacate the arbitration award constituted reversible error.

Conclusion

Because Taylor failed to demonstrate a recognized basis under 9 U.S.C. § 10 for vacating the arbitration award, the denial by operation of law of her Rule 59 motion to vacate the arbitration award is affirmed.

AFFIRMED.

Parker, C.J., and Wise, Sellers, and Cook, JJ., concur.

9