This is a medical malpractice case. The plaintiff, Helen Dimoff, alleged in her complaint that the defendant, Dr. Michael Maitre, negligently performed certain dental work for her. The trial court granted summary judgment for Dr. Maitre.
On or about March 2, 1977, Dr. Maitre undertook to provide Mrs. Dimoff with permanent bridgework and crowns for several teeth in her lower and upper jaws. According to Mrs. Dimoff, Dr. Maitre tried and failed several times to prepare proper impressions of Mrs. Dimoff's bite and teeth and to provide adequate temporary crowns. Fourteen months after Dr. Maitre began the work, Mrs. Dimoff left his care and engaged another dentist, Dr. Kendall M. Helton, to provide the bridgework and crowns. Dr. Helton successfully completed his treatment of Mrs. Dimoff in approximately one month.
After Mrs. Dimoff filed her complaint and the parties conducted discovery, Dr. Maitre filed a motion for summary judgment, supported by his affidavit stating, inter alia,
 "that he was not guilty of negligence or professional neglect in treating and caring for Helen Dimoff during the time in question; and that it is his opinion that the dental care and treatment administered by him to Helen Dimoff was in accordance and conformity with the general accepted standards, customs, and practice of dentists as they existed at that time under the same or similar circumstances *Page 1226 
in the city of Mobile, Mobile County, Alabama, and the dental community."
Mrs. Dimoff opposed this motion with an affidavit of Willis Robinson, as follows:
 "Personally appeared before me, the undersigned authority in and for said county, in said state, Willis Robinson, who is known to me, and who, after having been first duly sworn on oath states that he is a certified dental laboratory technician practicing his profession in the city and county of Mobile, State of Alabama; that he holds membership in two professional organizations including the National Association of Dental Laboratory Technicians and the Alabama Dental Laboratory Association; that he has practiced his profession and has experience in his field for a period of the last twenty-two (22) years; that his particular specialty is in the field of ceramics, crown and bridge and dentures; that he has done work for some 150 to 200 dentists practicing in the community of Mobile, Alabama; that he is now and has been at all times pertinent hereto familiar with and knowledgeable of the standards and customs of practice governing the practice of dentistry in preparing and taking impressions of patients sufficient to construct crowns and bridges in such a way as to make them fit properly, including those standards and customs governing the practice in the City and County of Mobile, State of Alabama; that he is familiar with and knowledgeable of the treatment and procedures whereby Dr. Michael Maitre performed bridge and crown work for Mrs. Dimoff; that his knowledge of all the facts and circumstances is based on his attempts to construct four different bridges and at least ten crowns for Mrs. Dimoff from impressions made and taken by Dr. Maitre over a period of three to four weeks; that the impressions were not sufficient to construct the crowns and bridges in such a way to make them fit properly; that he subsequently constructed bridges and some crowns for Mrs. Dimoff made from impressions that were properly taken the first time by Dr. Helton who is also a licensed dentist practicing in Mobile, Alabama; that based upon his training, knowledge and familiarity, with the customs and standards of practice governing conduct of dentists under the circumstances involved in the treatment and care of Helen Dimoff during the time in question and under same or similar circumstances; that the care and treatment rendered by Dr. Michael Maitre to Helen Dimoff was not sufficient to allow the construction of crowns and bridges in such a way as to make them fit properly in accord with standards customs and practice of dentists as they existed at the time under the same or similar circumstances in the City of Mobile, County of Mobile, State of Alabama, and the dental community."
The issue to be determined on this appeal is whether, for the purpose of opposing a summary judgment motion, Robinson's affidavit raises a genuine issue as to any material fact or shows that Dr. Maitre is not entitled to judgment as a matter of law. Rule 56 (c), A.R.Civ.P.
Dr. Maitre contends that he is entitled to summary judgment because no competent expert testimony was offered to contradict his affidavit negating the allegations of the complaint. Linerv. Temple, 373 So.2d 638 (Ala. 1979). He states that, as a general rule, in medical malpractice cases, proof as to what is or is not proper practice, treatment, and procedure can be established only by expert medical evidence. This statement is taken from Underwood v. Holy Name of Jesus Hospital, 289 Ala. 216, 266 So.2d 773 (1972), and Parrish v. Spink, 284 Ala. 263,224 So.2d 621 (1969); Tant v. Women's Clinic, 382 So.2d 1120
(Ala. 1980), contains a different statement of the same rule. Dr. Maitre argues that, because Robinson is not a dentist, his affidavit does not present competent expert testimony within the meaning of the above rule.
An exception to the rule requiring testimony by a medical expert exists "in a case where want of skill or lack of care is so *Page 1227 
apparent so as to be understood by a layman, and requires only common knowledge and experience to understand it. . . ." LloydNoland Foundation, Inc. v. Harris, 295 Ala. 63, 66,322 So.2d 709 (1975); Parrish v. Spink, 284 Ala. 263, 224 So.2d 621
(1969). Robinson's affidavit raises at least a scintilla of evidence that this would prove to be such a case once the facts were more fully developed. When there is a scintilla of evidence supporting the position of the party against whom summary judgment is sought, the motion should be denied. Allenv. Mobile Infirmary, 413 So.2d 1051 (Ala. 1982); Parker v.King, 402 So.2d 877 (Ala. 1981).
Further, Robinson's experience and qualifications lend his opinion more weight than that of a layman, although not so much as that of a dentist. We hold that his testimony is competent to raise an issue of fact for summary judgment purposes. InLloyd Noland Foundation, supra, "Mr. Kimbrough, who ha[d] been putting on splints for over 18 years[,] testified as an expert for Lloyd Noland." Id., 295 Ala. at 66, 322 So.2d 709. The question of the relative weights of the testimony of Dr. Maitre and the testimony of Robinson is not before us at this time. On summary judgment motion, the court is not to weigh the evidence; if the non-moving party has produced a scintilla of evidence, the court should not grant summary judgment. Allen v.Mobile Infirmary, supra; Parker v. King, supra.
For the reasons stated, the judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER and ADAMS, JJ., concur.
EMBRY, J., concurs specially.