HOUSTON, Justice
(concurring specially).
There was a duty, and there was evidence sufficient to submit to a jury the question whether there was a breach of that duty. There must be evidence that the breach of the duty probably caused the *445 injury. Williams v. Bhoopathi, 474 So.2d 690 (Ala.1985). Is there any evidence that the breach of that duty was a proximate cause of Mr. Byrd’s injuries?
We do know this: There was no more cancer in the gum or the jawbone after Dr. Martin removed the superficial cancer in the tissue of Mr. Byrd’s mouth in the vicinity of the third molar on November 16, 1983. Dr. Martin testified that the only other cancer found in Mr. Byrd, the cancer present in the lymph node that was discovered in February 1984, could not have spread from the superficial cancer in the tissue of the gum removed by Dr. Martin in November 1983, since every test and operation revealed that there was no more cancer of any kind in the gum or jawbone after Dr. Martin removed the cancer. Mr. Byrd’s well-qualified expert did not really dispute this testimony; he testified that it is “impossible to say” whether the cancer was already in the affected lymph node even before Dr. Martin treated Mr. Byrd. Mr. Byrd’s expert was strong on duty and breach of duty, but taking his testimony as a whole, which I believe we are required to do (see my dissenting opinion in Williams v. Robinson, 512 So.2d 58 (Ala.1987), and my opinion concurring specially in Creel v. Brown, 508 So.2d 684 (Ala.1987)), I think he is totally deficient in supplying evidence that this breach of duty probably caused Mr. Byrd’s injury. There was no testimony presented to the jury to indicate that Mr. Byrd’s cancer “probably” spread after November 16, 1983. There was direct testimony that it did not. Probable cause is a jury issue only when there is evidence that a breach of duty by the defendant probably caused the plaintiff’s injuries, or when there can be drawn from the evidence reasonable inferences to that effect. When such evidence is lacking, the trial judge must, as he did in this case, direct a verdict for the defendant on the plaintiff’s claim of negligence.
MADDOX, J., concurs.