MADDOX, Justice
(dissenting).
Plaintiffs expert witness, Dr. Farber, testified unequivocally on two separate occasions that, in his opinion, Ms. Addison’s death was caused by pancreatitis, which in turn, he said, was caused by the blood pressure medicine, hydrochlorothiazide, which had been prescribed for her by the defendant. Admittedly, he was asked to assume, “just for the purpose of the question that it wasn’t the blood pressure but it was gallbladder pancreatitis” that caused Ms. Addison’s death, and he did testify that “[i]f it was due to the gallbladder disease early detection and surgery would have prevented her from, really, developing acute pancreatitis.”
At first blush, it would appear, based on this testimony, that the trial court erred in directing a verdict for the defendant, but that is not the case here. The record is clear that Dr. Farber was of the opinion that the blood pressure medicine caused the pancreatitis. He so testified on two occasions. Then he was asked, in effect: “But let’s assume you are wrong about the opinion you express so forcefully to this jury, and it wasn’t the blood pressure medicine, then what was the cause of her death?” He then said, in effect, “Oh, if I am wrong about my opinion, then it was the gallbladder disease, which Dr. Emfinger was treating her for, and he was negligent in doing that because he should have surgically removed her gallbladder and that would have cleared up the whole problem.” We must assume Dr. Farber was right. Assuming he was wrong about what he testified under oath he thought was the cause of Ms. Addison’s death, can he speculate that it was caused by something else? No. And even if he could, the facts of this case show that Dr. Emfinger told Ms. Addison that she might have to have gallbladder surgery and that she stated that she would not have it.
The majority correctly sets out the applicable rule:
“The rule in Alabama in medical malpractice cases is that to find liability, there must be more than a mere possibility or one possibility among others that the negligence complained of caused the injury. There must be evidence that the negligence probably caused the injury.... However, in Alabama there need be only a scintilla of evidence to .require submission to the jury. If the evidence presents a mere gleam, glimmer, spark, smallest trace or scintilla to support the theory or to sustain the issue, the trial court must submit the question to the jury_ When a directed verdict is requested, the entire evidence must be viewed in the light most favorable to the opposing party ..., and it should be refused where reasonable inferences may be drawn from the evidence unfavorable to the party requesting it or where there is a conflict in any material matter at issue_ We must allow such reasonable inferences as the jury was free to draw, not merely those inferences which we think more probable.”
Baker v. Chastain, 389 So.2d 932, 934 (Ala.1980). (Citations omitted.)
In Howard v. Mitchell, 492 So.2d 1018, 1019 (Ala.1986), this Court reiterated the proper rule:
“In a medical malpractice case, in order to find liability there must be more than a mere possibility that the alleged negligence caused the injury. Williams v. Bhoopathi, 474 So.2d 690, 691 (Ala.1985). There must be some evidence that that negligence probably caused the injury. Orange v. Shannon, 284 Ala. 202, 206, 224 So.2d 236, 239 (1969). This *382 rule, of course, does not eliminate Alabama’s ‘scintilla’ rule, for if there is a scintilla of evidence that the negligence complained of probably caused the injury, then a jury question is presented. Williams, supra; Orange, supra.”
Is there a “seintilla” of evidence that anything Dr. Emfinger did “probably caused the injury”? The majority says there is, because “Dr. Farber’s statements [are] sufficient expert testimony to submit the issue of liability to the jury.” Which statements? His statement that the drug caused her death? Or his statement that if he was wrong about that, then the gallbladder disease caused it? Are we to allow medical experts to speculate on what probably caused an injury? In the past we have not; consequently, I must respectfully dissent.
STEAGALL, J., concurs.