STEAGALL, Justice
(dissenting).
This Court reviews a trial court’s denial of a motion for a new trial under the following standard:
“Jury verdicts are presumed correct in Alabama, and this presumption is strengthened by the trial court’s denial of a motion for a new trial. Therefore, a judgment based on a jury verdict will not be reversed unless it is ‘plainly and palpably’ wrong.”
Bussey v. John Deere Co., 531 So.2d 860, 861 (Ala.1988) (citations omitted).
In this case, the jury had before it evidence that the use of Sargenti paste does not violate the standard of care. It had testimony from Dr. Mcllwain, the dentist who ultimately recommended that the paste be removed, that the numbness could have been caused by an infection, by an abscessed tooth, or by the paste. Dr. Mell-wain was unsure about the actual cause of the numbness. Dr. Artz, an expert witness, testified that the numbness could have been caused by an infection from an abscessed tooth, by an injection of novo-caine, or by pressure from a split tooth.
In Williams v. Bhoopathi, 474 So.2d 690 (Ala.1985), this Court held:
“The rule in medical malpractice cases is that to find liability, there must be more than a mere possibility or one possibility among others that the negligence complained of caused the injury; there must be evidence that the negligence probably caused the injury.”
474 So.2d at 691, citing Baker v. Chastain, 389 So.2d 932 (Ala.1980).
As the majority points out, there were conflicts in the testimony, but the purpose of a jury trial is to resolve those conflicts. In my opinion, the jury verdict was not plainly and palpably wrong in this case; therefore, I would affirm the judgment of the trial court. I respectfully dissent.
MADDOX, J., concurs.