I find no initial legal liability on the part of any defendant for any act that proximately caused the tragic death of young Victor Scott Smith, even using the most liberal standard for testing the sufficiency of the evidence — the scintilla rule. In Bradford v. McGee, 534 So.2d 1076, 1079-80
(Ala. 1988), this Court held:
 "To present a jury question, the plaintiff must adduce some evidence indicating that the alleged negligence (the breach of the appropriate standard of care) probably caused the injury. A mere possibility is insufficient. The evidence produced by the plaintiff must have 'selective application' to one theory of causation. Howard [v. Mitchell, 492 So.2d 1018 (Ala. 1986)]; Williams v. Bhoopathi, 474 So.2d 690 (Ala. 1985).
 " 'What was said in McClinton v. McClinton, 258 Ala. 542, 544-45, 63 So.2d 594, 597 (1952), is appropriate in this case:
 " ' "Proof which goes no further than to show an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause.
 " 'But a nice discrimination must be exercised in the application of this principle. *Page 1331 
As a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deductible from them as a reasonable inference. There may be two or more plausible explanations as to how an event happened or what produced it; yet, if the evidence is without selective application to any one of them, they remain conjectures only.' [Emphasis added (in Bradford v. McGee)].
 " '(Quoting Southern Ry. Co. v. Dickson, 211 Ala. 481, 486, 100 So. 665, 669 (1924). See, e.g., McKinnon v. Polk, 219 Ala. 167, 168, 121 So. 539, 540 (1929) (a case involving a suit for personal injuries allegedly caused by the negligence of the plaintiff's physician)).'
"Howard at 1020."