Roland Rivard appeals the trial court's summary judgment in favor of the University of Alabama Health Services Foundation, P.C. (the "University"), and Jorge Alonso, M.D., in a medical-malpractice action. We reverse and remand.
 I.
On March 23, 1995, Rivard was involved in an automobile accident in which he received numerous injuries, including numerous fractures to the left tibia and fibula, a severely fractured left elbow, bilateral knee fractures, large head and facial lacerations, a dislocated right shoulder, a *Page 988 
concussion, and pelvic fractures, including fractures to the sacrum and pubic rami. Rivard was immediately transported to a hospital operated by the University, where Dr. Alonso performed emergency surgery upon Rivard. In order to repair some of Rivard's injuries, Dr. Alonso harvested bone from Rivard's pelvic area. After Rivard recovered from the accident and surgery, he complained of pain, discomfort, and numbness in his buttocks, penis, scrotum, and perineum; Rivard also complained that he was impotent and that the condition was permanent.
On February 6, 1997, Rivard filed a medical-malpractice action against the University and Dr. Alonso, alleging that Dr. Alonso and the University's performance of the bone- harvesting-and-grafting procedure was below the appropriate standard of care. Specifically, Rivard alleged that Dr. Alonso breached the standard of care and caused his injuries by penetrating a portion of his spinal canal while harvesting the bone. Rivard's wife claimed that she lost the comfort, care, and services of her husband.
The University and Dr. Alonso moved for a summary judgment, pursuant to Rule 56, Ala.R.Civ.P., contending that Rivard had failed to prove that any act or omission on their part had probably caused or had contributed to his alleged injuries. On June 19, 2001, the trial court entered a summary judgment in favor of Dr. Alonso and the University.
 II.
A summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. When a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the party is entitled to a judgment as a matter of law, the burden then shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). In determining whether a summary judgment is proper, a court must construe the evidence in a light most favorable to the nonmoving party, and all reasonable doubts concerning the existence of a genuine issue of material fact must be resolved against the movant. Wilma Corp. v. Fleming Foods ofAlabama, Inc., 613 So.2d 359 (Ala. 1993).
In a medical-malpractice action, the plaintiff must present expert testimony establishing the appropriate standard of care, the doctor's deviation from that standard, and "a proximate causal connection between the doctor's act or omission constituting the breach and the injury sustained by the plaintiff." Bradford v. McGee, 534 So.2d 1076, 1079
(Ala. 1988). "To present a jury question, the plaintiff must adduce some evidence indicating that the alleged negligence (the breach of the appropriate standard of care) probably caused the injury. A mere possibility is insufficient. The evidence produced by the plaintiff must have `selective application' to one theory of causation." 534 So.2d at 1079 (emphasis added).
 III.
In opposition to the motion for a summary judgment, Rivard, who is also an *Page 989 
orthopedic surgeon licensed by the State of Alabama, proffered his own deposition testimony. Dr. Rivard testified:
 "Q. And with respect to — to the injuries that are — for which you are making a claim in this case, it is — or they are the impotence and the pain or discomfort in the — such as numbness in the buttocks and in the penis; am I correct about that?
"A. And the scrotum and perineum, yes.
"Q. The enervation?
"A. Yes, right.
 "Q. Okay. Now — and you attribute that to, as I understand, the defect in the sacral canal that you have described, correct?
"A. Correct."
Although Dr. Rivard admitted that his injuries could have resulted from other causes, such as the dislocation of an occult fracture suffered in the accident, he opined that it was not probable, absent medical malpractice by the orthopedic surgeon — i.e., Dr. Alonso — for the sacral defect to be present. In fact, Dr. Rivard stated that, absent medical negligence, he has never observed this type of sacral defect. Dr. Rivard also offered the testimony of Dr. Carl Sanfelippo, a board-certified urologist. Dr. Sanfelippo testified that the accident and the surgical procedure combined to cause Dr. Rivard's infirmities. When asked specifically, Dr. Sanfelippo admitted: "I would hate to put a number on either of those [the accident or the surgical procedure] as to what percentage to [sic] you think that interfered with his impotence." However, Dr. Sanfelippo specifically testified that, in his opinion, the effects of the accident and the surgery probably combined to cause Dr. Rivard's injury. See Marsh v. Green, 782 So.2d 223 (Ala. 2000); Atkinsv. Lee, 603 So.2d 937 (Ala. 1992).
Finally, Dr. Rivard presented the expert testimony of Dr. Max Burr, a board-certified orthopedic surgeon. Dr. Burr testified that Dr. Alonso deviated from the standard of care when he invaded Dr. Rivard's sacroiliac joint and sacrum. Dr. Burr also testified that, in his opinion, it was the bone-grafting procedure that probably caused the injury to Dr. Rivard's sacral canal. As Dr. Alonso and the University point out, Dr. Burr admitted that other circumstances could have caused that injury, but he specifically characterized those other possibilities as "long-shot possibilities."
 IV.
Viewing the evidence in a light most favorable to Dr. Rivard, as we must, and resolving all reasonable doubts and inferences in his favor, we conclude that the testimony offered does present a genuine issue of material fact as to the cause of Dr. Rivard's injuries. See University ofAlabama Health Services Foundation, P.C. v. Bush, 638 So.2d 794, 802
(Ala. 1994). This is sufficient to prevent the entry of a summary judgment.
For the foregoing reasons, we reverse the trial court's summary judgment in favor of the University and Dr. Alonso, and we remand this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Houston, See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur. *Page 990