THOMAS, Judge.
 

 Richard D. Lively appeals from the Tal-lapoosa Circuit Court’s denial of his motion for a judgment as a matter of law (“JML”) in a legal-malpractice action brought pursuant to the Alabama Legal Services Liability Act (“ALSLA”), codified at Aa.Code 1975, § 6-5-570 et seq., arising from Lively’s representation of Rodney Kilgore in a medical-malpractice action.
 

 In 1999, Kilgore sought treatment from Dr. Graham Howorth for pain in Kilgore’s neck and right arm and shoulder. After attempts at conservative care were unsuccessful, Dr. Howorth recommended surgery to excise one of the disks in Kilgore’s cervical spine. In order to perform the surgery, Kilgore had to be strapped down to the operating table with his shoulders and arms pulled back. Following the surgery, Kilgore complained of pain in his right shoulder, a pain that Kilgore described as more severe and unlike what he had experienced before the surgery. Kil-gore also testified that he was bruised across his chest and right shoulder following the surgery. According to Kilgore, Dr. Howorth explained to Kilgore that the bruising “possibly could have come from the way they had me in surgery.” Following the surgery, Kilgore also suffered from weakness, muscular atrophy, and loss of control of the right scapula, all allegedly from damage to Kilgore’s thoracic nerve.
 

 Dr. Howorth referred Kilgore to Dr. Thomas Powell, who diagnosed Kilgore with a torn rotator cuff in his right shoulder. In May 2000, Dr. Powell performed surgery on Kilgore, repairing the torn ro-tator cuff. Dr. Shin Oh also evaluated Kilgore because of his continued complaints of pain, muscle weakness, and atrophy in his right shoulder and arm and the loss of control of his right scapula. Dr. Oh diagnosed Kilgore with right brachial plex-opathy, a nerve disorder, noting that the plexopathy “is likely not secondary to post-surgical damage but rather may be due to undergoing in the surgical process, not necessarily surgical injury to the upper trunk.” Kilgore continued to experience pain, muscle weakness, and atrophy of his right shoulder and arm and a loss of control of his right scapula; he testified that those issues can be partially managed but not resolved. According to Kilgore, he can no longer work and is receiving disability because of his injuries.
 

 
 *1047
 
 In March 2001, Kilgore met with Freeman Elam, an attorney, to discuss suing Dr. Howorth for medical malpractice. At that time, Elam was sharing office space with Lively. Elam and Lively agreed to jointly represent Kilgore in his medical-malpractice action against Dr. Howorth. Elam and Lively performed only minimal discovery in the case, failing to retain an expert medical witness or to depose necessary witnesses. In May 2003, the trial court in Kilgore’s medical-malpractice action entered a summary judgment in favor of Dr. Howorth. Kilgore then sued Elam and Lively for legal malpractice, requesting a jury trial.
 
 [1]
 

 In August 2009, the trial court conducted a jury trial on Kilgore’s legal-malpractice claim, at which Lively, Kilgore, and Charles R. Gillenwaters, an expert witness on the standard of care owed by Lively, testified. At the close of all the evidence, Lively moved the trial court for a JML, arguing that Kilgore had failed to offer legally sufficient evidence that demonstrated that he would have prevailed in the underlying medical-malpractice action; the trial court denied Lively’s motion. The jury returned a verdict in favor of Kilgore in the amount of $570,000. Lively subsequently filed a renewed motion for a JML or, in the alternative, a motion for a new trial or remittitur. The trial court denied Lively’s postjudgment motion, and Lively appealed to the Alabama Supreme Court. Our supreme court transferred this case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 Lively argues that the trial court erred when it denied his motion for a JML.
 

 “In reviewing a trial court’s ruling on a motion for a judgment as a matter of law, we apply the same standard the trial court applied initially in granting or denying the motion.
 
 Palm Harbor Homes, Inc. v. Crawford,
 
 689 So.2d 3 (Ala.1997). The nonmovant must present substantial evidence to withstand a motion for a judgment as a matter of law.
 
 Palm Harbor Homes; West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989). When reviewing a ruling on a motion for a judgment as a matter of law, this Court views the evidence in the light most favorable to the nonmovant, entertaining any reasonable inferences that the jury would have been free to draw.
 
 Carter v. Henderson,
 
 598 So.2d 1350 (Ala.1992). This Court indulges no presumption of correctness as to the trial court’s rulings on questions of law.
 
 Ricwil, Inc. v. S.L. Pappas & Co.,
 
 599 So.2d 1126 (Ala.1992).”
 

 Keibler-Thompson Corp. v. Steading,
 
 907 So.2d 435, 440 (Ala.2005).
 

 Kilgore alleges that Lively’s handling of Kilgore’s medical-malpractice action fell below the applicable' standard of care; thus, Kilgore alleges, it amounted to legal malpractice. The Alabama Supreme Court has held that
 

 “ ‘[i]n a legal malpractice case a plaintiff must prove, basically, the same [elements] that must be proven in an ordinary negligence suit.
 
 Moseley v. Lewis & Brackin,
 
 533 So.2d 513, 515 (Ala.1988);
 
 Tyree v. Hendrix,
 
 480 So.2d 1176 (Ala.1985). Thus, the elements [a plaintiff] must prove in order to support his legal malpractice claim are a duty, a breach of that duty, an injury, that the breach was the proximate cause of the injury, and damages.
 
 Moseley, Tyree;
 
 and
 
 Herston v. Whitesell,
 
 348 So.2d 1054
 
 *1048
 
 (Ala.1977). [Additionally,] [i]n a legal malpractice case, the plaintiff must show that but for the defendant’s negligence he would have recovered on the underlying cause of action,
 
 Johnson v. Horne,
 
 500 So.2d 1024 (Ala.1986), or must offer proof that the outcome of the case would have been different.
 
 Hall v. Thomas,
 
 456 So.2d 67 (Ala.1984).’ ”
 

 Independent Stave Co. v. Bell, Richardson & Sparkman, P.A.,
 
 678 So.2d 770, 772 (Ala.1996) (quoting
 
 McDuffie v. Brinkley, Ford, Chestnut & Aldridge,
 
 576 So.2d 198, 199-200 (Ala.1991)). The Alabama Supreme Court has further stated that in a legal-malpractice case the plaintiff has a “dual burden of proving both the underlying claim and the instant malpractice claim.”
 
 Morrison v. Franklin,
 
 655 So.2d 964, 966-67 (Ala.1995). The underlying cause of action that gave rise to Kilgore’s legal-malpractice claim was a medical-malpractice action. Thus, in order to prevail on his legal-malpractice claim, Kilgore must show that Lively’s conduct fell below the standard of care for similarly situated legal providers,
 
 see
 
 § 6-5-580(1) of the ALSLA, and that, but for Lively’s negligence, Kilgore would have prevailed in his medical-malpractice action.
 
 Morrison, supra.
 

 Lively argues that the trial court erred when it denied his motion for a JML because, Lively says, Kilgore failed to present legally sufficient evidence demonstrating that he would have prevailed in the underlying medical-malpractice action. Specifically, Lively argues that Kilgore failed to present expert medical testimony demonstrating a breach of the applicable standard of care or that a causal connection existed between Kilgore’s injuries and any act or omission of Dr. Howorth or of another party.
 

 In medical-malpractice actions, “the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case.” Ala.Code 1975, § 6-5-548(a). “[T]he general rule in Alabama is that expert medical testimony is required to establish what is and what is not proper medical treatment and procedure.”
 
 Timmerman v. Fitts,
 
 514 So.2d 907, 911 (Ala.1987). There are limited exceptions to this rule, as explained by our supreme court in
 
 Ex parte HealthSouth Corp.,
 
 851 So.2d 33 (Ala.2002).
 

 “A narrow exception to th[e rule requiring plaintiffs to proffer expert testimony in medical-malpractice cases] exists ‘ “in a case where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it.” ’
 
 Tuscaloosa Orthopedic Appliance Co. v. Wyatt,
 
 460 So.2d 156, 161 (Ala.1984) (quoting
 
 Dimoff v. Maitre,
 
 432 So.2d 1225, 1226-27 (Ala.1983), quoting in turn
 
 Lloyd Noland Found., Inc. v. Harris,
 
 295 Ala. 63, 66, 322 So.2d 709, 711 (1975)). In
 
 Anderson [v. Alabama Reference Labs.,
 
 778 So.2d 806 (Ala.2000) ], this Court illustrated this exception by listing the following examples: 1) where a foreign object, such as a sponge, remains in a patient’s body after surgery; 2) where the injury is unrelated to the condition for which the plaintiff sought treatment; 3) where a plaintiff relies on an authoritative medical treatise to prove what is or is not proper; and 4) where the plaintiff himself or herself is a medical expert.
 
 Anderson,
 
 778 So.2d at 811.
 

 “A review of those examples reveals that only the first and second examples relate to that category of cases where want of skill or lack of care is so apparent as to be understood by a layperson, and ‘requires only common knowledge and experience to understand it.’
 
 *1049
 

 Wyatt,
 
 460 So.2d at 161. Examples three and four have nothing to do with evidence within the common knowledge of the jury and therefore do not illustrate that category of cases. For this reason alone, reformulation of the statement of the exception to the general rule requiring expert testimony is warranted.
 

 [[Image here]]
 

 “Accordingly, we reformulate the exception to the rule ... to recognize first, a class of cases ‘ “where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it,’”
 
 Wyatt,
 
 460 So.2d at 161 (quoting
 
 Dimoff v. Maitre,
 
 432 So.2d 1225, 1226-27 (Ala.1983)), such as when a sponge is left in, where, for example, the wrong leg is operated on, or ... where a call for assistance is completely ignored for an unreasonable period of time. A second exception to the rule requiring expert testimony applies when a plaintiff relies on ‘ “ ‘a recognized standard or authoritative medical text or treatise,’ ” ’
 
 Anderson,
 
 778 So.2d at 811, or is himself or herself a qualified medical expert.”
 

 851 So.2d at 38-39.
 

 In addition to showing that the medical-service provider breached the standard of care, a plaintiff in a medical-malpractice action must show a causal connection between his or her injuries and some act or omission of the defendant. Expert testimony is also generally needed to show proximate cause.
 

 “A plaintiff in a medical-malpractice action must also present expert testimony establishing a causal connection between the defendant’s act or omission constituting the alleged breach and the injury suffered by the plaintiff.
 
 Pruitt v. Zeiger,
 
 590 So.2d 236, 238 (Ala.1991).
 
 See also Bradley v. Miller,
 
 878 So.2d 262, 266 (Ala.2003);
 
 University of Alabama Health Servs. Found., P.C. v. Bush,
 
 638 So.2d 794, 802 (Ala.1994); and
 
 Bradford v. McGee,
 
 534 So.2d 1076, 1079 (Ala.1988). To prove causation in a medical-malpractice case, the plaintiff must demonstrate ‘ “that the alleged negligence probably caused, rather than only possibly caused, the plaintiffs injury.” ’
 
 Bradley,
 
 878 So.2d at 266 (quoting
 
 University of Alabama Health Sens.,
 
 638 So.2d at 802).
 
 See also DCH Healthcare Auth. v. Duckworth,
 
 883 So.2d 1214, 1217 (Ala.2003) (‘“There must be more than the mere possibility that the negligence complained of caused the injury; rather, there must be evidence that the negligence complained of
 
 probably
 
 caused the injury.” ’ (quoting
 
 Parker v. Collins,
 
 605 So.2d 824, 826 (Ala.1992))); and
 
 Pendarvis v. Pennington,
 
 521 So.2d 969, 970 (Ala.1988) (‘ “The rule in medical malpractice cases is that to find liability, there must be more than a mere possibility or one possibility among others that the negligence complained of caused the injury; there must be evidence that the negligence probably caused the injury.” ’ (quoting
 
 Williams v. Bhoopathi,
 
 474 So.2d 690, 691 (Ala.1985), and citing
 
 Baker v. Chastain,
 
 389 So.2d 932 (Ala.1980))). In
 
 Cain v. Haworth,
 
 877 So.2d 566 (Ala.2003), this Court stated:
 

 “ ‘ “ ‘To present a jury question, the plaintiff [in a medical-malpractice action] must adduce some evidence indicating that the alleged negligence (the breach of the appropriate standard of care)
 
 probably
 
 caused the injury. A mere possibility is insufficient. The evidence produced by the plaintiff must have “selective application” to one theory of causation.’ ” ’
 

 “877 So.2d at 576 (quoting
 
 Rivard v. University of Alabama Health Servs. Found., P.C.,
 
 835 So.2d 987, 988 (Ala.2002)). However, the plaintiff in a medical-malpractice case is not required to present expert tes
 
 *1050
 
 timony to establish the element of proximate causation in cases where 'the issue of proximate cause is not ... “beyond the ken of the average layman.” ’
 
 Golden v. Stein,
 
 670 So.2d 904, 908 (Ala.1995). Therefore, ‘[u]nless “the cause and effect relationship between the breach of the standard of care and the subsequent complication or injury is so readily understood that a layperson can reliably determine the issue of causation,” causation in a medical-malpractice case must be established through expert testimony.’
 
 DCH Healthcare Auth.,
 
 883 So.2d at 1217-18 (quoting
 
 Cain,
 
 877 So.2d at 576).”
 

 Sorrell v. King,
 
 946 So.2d 854, 862-63 (Ala.2006).
 

 In this case, Kilgore did not present any expert medical testimony in support of his allegations in the underlying medical-malpractice action. Kilgore alleged that he had suffered two injuries as a result of Dr. Howorth’s or some other party’s negligence during his surgery: a damaged thoracic nerve and a torn rotator cuff. Kilgore argues that the injuries he allegedly suffered during his surgery fall within the exception to the rule requiring expert medical testimony. However, even assuming that Kilgore was not required to present expert medical testimony to establish proximate cause, Kilgore still failed to meet his burden. Kilgore relies on information from his medical records from Dr. Oh. In those medical records, Dr. Oh states that Kilgore’s injuries
 
 “may
 
 be due to undergoing in the surgical process.” Kilgore explained that Dr. Oh “stated that the injuries, the way they did the surgery, that this
 
 could possibly
 
 happen.” Kilgore also stated that his shoulder pain was different than what he had experienced before the surgery and that his injuries
 
 “could have happened
 
 from the way I was strapped down.”
 

 The evidence presented by Kil-gore shows only a possibility, not a probability, that his torn rotator cuff was caused by the method by which he was strapped down to the operating table or that the damage to his thoracic nerve was caused by any act or omission on the part of Dr. Howorth or another party. Evidence showing only a possibility of proximate cause is insufficient to show a causal connection between a defendant’s acts or omissions and a plaintiffs injuries.
 
 See Lyons v. Vaughan Reg’l Med. Ctr., LLC,
 
 23 So.3d 23, 29 (Ala.2009) (testimony that the insertion and infiltration of a medical device was a “possible” cause of the plaintiffs injuries was insufficient to show proximate cause);
 
 Sorrell v. King,
 
 946 So.2d 854, 865 (Ala.2006) (holding that a defendant’s testimony was insufficient to show proximate cause because the testimony demonstrated only a “mere possibility” that the defendant’s acts caused the plaintiffs injuries). Thus, Kilgore failed to provide sufficient evidence demonstrating that any acts or omissions of Dr. Howorth or another party proximately caused Kil-gore’s injuries. Because Kilgore failed to prove proximate cause in the underlying medical-malpractice action, Kilgore has also failed to meet his burden, in the instant legal-malpractice action, to prove that, but for Lively’s negligence, he would have prevailed in the underlying action.
 
 Independent Stave Co.,
 
 678 So.2d at 772.
 

 Because Kilgoré failed to present legally sufficient evidence demonstrating that, but for Lively’s negligence, he would have prevailed in the underlying medical-malpractice action, the trial court’s denial of Lively’s motion for a JML is reversed and the cause is remanded for that court to enter a JML in favor of Lively on Kilgore’s legal-malpractice claim.
 
 [2]
 

 REVERSED AND REMANDED.
 

 
 *1051
 
 PITTMAN and BRYAN, JJ., concur.
 

 THOMPSON, P.J., and MOORE, J., concur in the result, without writings.
 

 [1]
 

 . Elam later entered into a settlement with Kilgore, and Kilgore dismissed his case against Elam.
 

 [2]
 

 . Because we conclude that the trial court should have granted Lively’s motion for a
 
 *1051
 
 JML, we pretermit discussion of Lively’s remaining arguments on appeal.