BOLIN, Justice.
Betty Collins appeals from a summary judgment in favor of Ricardo Herring, D.C., and Herring Chiropractic Center, LLC, the defendants in her action seeking damages for alleged medical malpractice.
Facts and Procedural History
The evidence, viewed, as we are required to do, in a light most favorable to Collins as the nonmovant shows the following. Beginning in June 2012, Collins was being treated by Dr. Herring for injuries to her knee, shoulder, and lower back. The treatment for her knee injury included applying a "cold pack"[1] to her knee. Collins received treatment from Dr. Herring on several occasions during June 2012.
On July 9, 2012, Collins sought treatment from Dr. Herring for her knee injury. During that appointment, Dr. Herring's assistant retrieved a cold pack from the refrigerator and placed it directly on Collins's knee. On Collins's previous appointments, the cold pack had been sitting out on a table when she arrived and was later placed on her knee. Collins noticed that the cold pack applied on July 9 was harder than the cold packs that had been applied to her knee during previous appointments. Collins's appointment that day was in the morning, and the chiropractic center had been closed the previous seven days. Collins felt heat when the cold pack was removed from her knee; during her previous treatments her knee felt cold when the cold pack was removed. A few hours later, Collins developed blisters on her knee where the cold pack had been. Subsequently, scars developed on Collins's knee where the cold pack had been.
On July 7, 2014, Collins sued the defendants alleging medical malpractice arising out of the application of the cold pack to her knee. The defendants timely filed an answer. Subsequently, the defendants filed a motion for a summary judgment. They supported their summary-judgment motion with an affidavit from Dr. Herring. In the affidavit, Dr. Herring stated in pertinent part:
"At all time when I provided care and treatment to Ms. Collins I did so in keeping with the standard of care that applied to me and to other similarly situated chiropractors.
*869 "....
"As a part of the care and treatment of Ms. Collins a cold pack was used. There were two types that are used in my practice. ... The manner and method that these types of packs are used in my office did not cause any injury and the area claimed to have been affected by Ms. Collins exceeds the area over which the cold pack would have been place[d]. The use of a cold pack in the care and treatment of Ms. Collins's condition is a recognized and standard treatment by chiropractors. It was not a deviation from the appropriate standard of care to use a cold pack.
"I provided appropriate chiropractic care and treatment when treating Ms. Collins. I did not fall below the standard of care in providing care or treatment to Ms. Collins in any respect. I did not cause any injury to Ms. Collins."
In their summary-judgment motion, the defendants argued that Collins had not produced any evidence demonstrating that Dr. Herring's treatment fell below the applicable standard of care. The defendants argued that Collins failed to present testimony from a similarly situated expert witness because Collins had not designated an expert witness as required under the Alabama Medical Liability Act ("the AMLA"), § 6-5-480 et seq. and § 6-5-540 et seq., Ala. Code 1975, to testify that Dr. Herring breached his duty of care in treating Collins. They also argued that Dr. Herring's affidavit affirmed that he did not breach the required standard of care in treating Collins and that his treatment was not the cause of Collins's injuries.
In response to their motion, Collins argued that it was not necessary for her to present expert testimony in opposition to the summary-judgment motion because Collins's claims fell within an exception to the AMLA, i.e., Collins's claims could be readily understood by a layperson. Collins further argued that her deposition testimony provided substantial evidence of her claims and that it was up to a jury to determine whether the application of the cold pack on July 9, 2012, was the cause of her injuries.
On June 24, 2016, the trial court entered a summary judgment in favor of the defendants. Collins timely filed an appeal. We reverse and remand.
Standard of Review
"We review a summary judgment de novo. Potter v. First Real Estate Co., 844 So.2d 540, 545 (Ala. 2002) (citing American Liberty Ins. Co. v. AmSouth Bank, 825 So.2d 786 (Ala. 2002) ).
" 'We apply the same standard of review the trial court used in determining whether the evidence presented to the trial court created a genuine issue of material fact. Once a party moving for a summary judgment establishes that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." 844 So.2d at 545 (quoting Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So.2d 369, 372 (Ala. 2000) ) (citations omitted).'
"Summary judgment is appropriate only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P."
Hooper v. Columbus Reg'l Healthcare Sys., Inc., 956 So.2d 1135, 1139 (Ala. 2006).
*870 Discussion
Collins argues that the trial court erred in entering a summary judgment for the defendants on the basis that she had not designated an expert witness. Specifically, she contends that expert testimony is not required in this case to establish either the standard of care or the causal connection between the defendants' acts and her injuries.
"To maintain a medical-malpractice action, the plaintiff ordinarily must present expert testimony from a 'similarly situated health-care provider' as to (1) 'the appropriate standard of care,' (2) a 'deviation from that standard [of care],' and (3) 'a proximate causal connection between the [defendant's] act or omission constituting the breach and the injury sustained by the plaintiff.' Pruitt v. Zeiger, 590 So.2d 236, 238 (Ala. 1991) (quoting Bradford v. McGee, 534 So.2d 1076, 1079 (Ala. 1988) ). The reason for the rule that proximate causation must be established through expert testimony is that the issue of causation in a medical-malpractice case is ordinarily 'beyond "the ken of the average layman." ' Golden v. Stein, 670 So.2d 904, 907 (Ala. 1995), quoting Charles W. Gamble, McElroy's Alabama Evidence, § 127.01(5)(c), p. 333 (4th ed. 1991). The plaintiff must prove through expert testimony 'that the alleged negligence "probably caused the injury." ' McAfee v. Baptist Med. Ctr., 641 So.2d 265, 267 (Ala. 1994)."
Lyons v. Walker Reg'l Med. Ctr., 791 So.2d 937, 942 (Ala. 2000). It is well settled that there is an exception to the rule requiring expert testimony " 'in a case where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it.' " Tuscaloosa Orthopedic Appliance Co. v. Wyatt, 460 So.2d 156, 161 (Ala. 1984) (quoting Dimoff v. Maitre, 432 So.2d 1225, 1226-27 (Ala. 1983) ); see also Anderson v. Alabama Reference Labs., 778 So.2d 806 (Ala. 2000).
The following situations have been recognized as exceptions to the general rule that the plaintiff in a medical-malpractice action must proffer independent expert medical testimony:[2]
" '(1) where a foreign instrumentality is found in the plaintiff's body following surgery; 2) where the injury complained of is in no way connected to the condition for which the plaintiff sought treatment; 3) where the plaintiff employs a recognized standard or authoritative medical text or treatise to prove what is or is not proper practice; and 4) where the plaintiff is himself or herself a medical expert qualified to evaluate the doctor's allegedly negligent conduct.' "
Allred v. Shirley, 598 So.2d 1347, 1350 (Ala. 1992) (quoting Holt v. Godsil, 447 So.2d 191, 192-93 (Ala. 1984) (citations omitted in Allred )); see also Anderson v. Alabama Reference Labs., supra.
In Ex parte HealthSouth Corp., 851 So.2d 33 (Ala. 2002), this Court explained *871 that the list of exceptions in Allred to the general rule requiring expert testimony was illustrative and not exclusive. The Court went on to explain that the first two examples were related to those categories of cases in which the lack of skill is so apparent as to be understood by a layperson and required only common knowledge and experience to understand it. The Court noted that the third and fourth examples set out in the list of exceptions had nothing to do with evidence within the common knowledge of the jury, because those exceptions to the rule requiring the proffer of expert testimony are where an authoritative treatise is offered or the plaintiff is a medical expert qualified to evaluate the health-care provider's allegedly negligent conduct.
The HealthSouth Court went on to "reformulate" the exceptions to the general rule requiring expert testimony in medical-malpractice actions as follows:
"[T]o recognize first, a class of cases ' "where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it," ' [ Tuscaloosa Orthopedic Appliance Co. v.] Wyatt, 460 So.2d [156] at 161 [ (Ala. 1984) ](quoting Dimoff v. Maitre, 432 So.2d 1225, 1226-27 (Ala. 1983) ), such as when a sponge is left in, where, for example, the wrong leg is operated on, or, as here, where a call for assistance is completely ignored for an unreasonable period of time. A second exception to the rule requiring expert testimony applies when a plaintiff relies on ' " 'a recognized standard or authoritative medical text or treatise,' " ' Anderson [v. Alabama Reference Labs., 778 So.2d [806] at 811 [ (Ala. 2000) ], or is himself or herself a qualified medical expert."
851 So.2d at 39. The Court's reformulation of categories in HealthSouth essentially clarifies the exceptions to the general rule requiring expert testimony in medical-malpractice actions by emphasizing in the first exception as reformulated that there are situations where the lack of skill is so apparent as to be understood by a layperson, thereby requiring only common knowledge and experience to understand it, and that further the list of examples of such situations was not exhaustive but merely set out examples of possible situations. In the second exception as reformulated, the Court simply combines the use of an authoritative treatise and the plaintiff's own testimony as a medical expert as the second exception to the general rule.
As stated earlier, we view the evidence at the summary-judgment stage in a light most favorable to Collins as the nonmovant for summary judgment. Harris v. Health Care Auth. of Huntsville, 6 So.3d 468 (Ala. 2008). In the instant case, Collins's knee was treated with a cold pack. The evidence, when viewed in a light most favorable to Collins, indicates that the cold pack had been in the refrigerator for seven days, that it had not been thawed when Collins arrived for her appointment, and that it was hard on the day of her treatment in contrast to her treatment on other visits. Collins felt heat when the cold pack was removed from her knee. Collins developed blisters on her knee following the treatment and later scarring. It was not necessary for Collins to present independent expert testimony where her medical-malpractice case requires only common knowledge and experience to understand what is akin to frostbite. See, e.g., McGathey v. Brookwood Health Servs., Inc., 143 So.3d 95 (Ala. 2013) (expert testimony was not required in medical-malpractice action to establish a breach of the standard of care by a hospital employee in failing to ensure that a metal bar used to keep the *872 plaintiff's arm in place was sufficiently cool following a 270-degree sterilization process before it was attached to the plaintiff's arm); Walker v. Southeast Alabama Med. Ctr., 545 So.2d 769 (Ala. 1989) (holding that expert testimony not necessary in medical-malpractice action where plaintiff was injured when bed rail was left in the down position contrary to doctor's orders); Therrell v. Fonde, 495 So.2d 1046 (Ala. 1986) (holding that expert testimony was not necessary to withstand summary judgment in medical-malpractice action where the company refused to allow speedier transport of the injured worker to the hospital and company doctor did nothing to prevent the delay in transporting the worker and did not look at the worker's hand, which had been crushed); Lloyd Noland Found., Inc. v. Harris, 295 Ala. 63, 322 So.2d 709 (1975) (holding that expert testimony was not necessary in medical-malpractice action where plaintiff's leg was burned after the application of hot plaster cast that had not been properly cooled); and Ford v. Stringfellow Mem'l Hosp., 39 So.3d 184, 192-93 (Ala. Civ. App. 2009) (holding that patient was not required to provide expert testimony on claims against hospital because "[w]hether a hospital's employees are under a duty to properly and sufficiently cool surgical equipment and instruments before their use in surgery, whether the wrist traction tower was not sufficiently cooled after it was sterilized, and whether the heat from the wrist traction tower caused a third-degree burn to Ford's upper arm are all matters that can be easily understood and determined by the average person without the aid of a medical expert. Simply put, the present case fits within the 'class of cases " 'where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it....' " ' Ex parte HealthSouth Corp., 851 So.2d at 39. See also Lloyd Noland Found., Inc. v. Harris, 295 Ala. 63, 66, 322 So.2d 709, 711-12 (1975) (expert medical testimony not necessary in case involving burn to leg of patient caused by application of cast that had not been properly cooled).").
Collins further argues that it was also not necessary for her to present expert testimony establishing the additional issue of causation. In Sorrell v. King, 946 So.2d 854, 862-63 (Ala. 2006), this Court stated:
"A plaintiff in a medical-malpractice action must also present expert testimony establishing a causal connection between the defendant's act or omission constituting the alleged breach and the injury suffered by the plaintiff. Pruitt v. Zeiger, 590 So.2d 236, 238 (Ala. 1991). See also Bradley v. Miller, 878 So.2d 262, 266 (Ala. 2003) ; University of Alabama Health Servs. Found., P.C. v. Bush, 638 So.2d 794, 802 (Ala. 1994) ; and Bradford v. McGee, 534 So.2d 1076, 1079 (Ala. 1988). To prove causation in a medical-malpractice case, the plaintiff must demonstrate ' "that the alleged negligence probably caused, rather than only possibly caused, the plaintiff's injury." ' Bradley, 878 So.2d at 266 (quoting University of Alabama Health Servs., 638 So.2d at 802 ). See also DCH Healthcare Auth. v. Duckworth, 883 So.2d 1214, 1217 (Ala. 2003) (' "There must be more than the mere possibility that the negligence complained of caused the injury; rather, there must be evidence that the negligence complained of probably caused the injury." ' (quoting Parker v. Collins, 605 So.2d 824, 826 (Ala. 1992) )); and Pendarvis v. Pennington, 521 So.2d 969, 970 (Ala. 1988) (' "The rule in medical malpractice cases is that to find liability, there must be more than a mere possibility or one possibility among others that the negligence complained of caused the injury; there must be evidence *873 that the negligence probably caused the injury." ' (quoting Williams v. Bhoopathi, 474 So.2d 690, 691 (Ala. 1985), and citing Baker v. Chastain, 389 So.2d 932 (Ala. 1980) )). In Cain v. Howorth, 877 So.2d 566 (Ala. 2003), this Court stated:
" ' " 'To present a jury question, the plaintiff [in a medical-malpractice action] must adduce some evidence indicating that the alleged negligence (the breach of the appropriate standard of care) probably caused the injury. A mere possibility is insufficient. The evidence produced by the plaintiff must have "selective application" to one theory of causation.' " '
" 877 So.2d at 576 (quoting Rivard v. University of Alabama Health Servs. Found., P.C., 835 So.2d 987, 988 (Ala. 2002) ). However, the plaintiff in a medical-malpractice case is not required to present expert testimony to establish the element of proximate causation in cases where 'the issue of proximate cause is not ... "beyond the ken of the average layman." ' Golden v. Stein, 670 So.2d 904, 908 (Ala. 1995). Therefore, '[u]nless "the cause and effect relationship between the breach of the standard of care and the subsequent complication or injury is so readily understood that a layperson can reliably determine the issue of causation," causation in a medical-malpractice case must be established through expert testimony.' DCH Healthcare Auth., 883 So.2d at 1217-18 (quoting Cain, 877 So.2d at 576 )."
In the instant case, the procuring and application of the cold pack was within the exclusive control of the defendants, and no evidence was presented indicating that Collins contributed to her injuries. Blistering and subsequent scarring does not ordinarily occur following the application of a cold pack, absent negligence. The causative relationship between Collins's injury and the defendants' acts are such that it can be readily understood, to the extent that a layperson can reliably determine the issue of causation without independent expert testimony to assist in that determination.
Based on the foregoing, we reverse the summary judgment in favor of the defendants, and we remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Stuart, Parker, Murdock, Shaw, Main, and Wise, JJ., concur.
Bryan, J., concurs in the result.

Apparently, the cold packs were filled with gel or some similar material.

We note that it is not necessary for a plaintiff to produce an independent expert to establish a requisite element of a medical-malpractice claim where the testimony of the defendant establishes that element. Timmerman v. Fitts, 514 So.2d 907 (Ala. 1987) ; see also Ford v. Stringfellow Mem'l Hosp., 39 So.3d 184, 191 (Ala. Civ. App. 2009) ("Even when expert testimony is required to establish certain elements of a plaintiff's medical-malpractice claim, the plaintiff need not produce an independent expert witness to provide that testimony; instead, the plaintiff may rely on the testimony of the defendant to establish the elements of the claim for which expert testimony is required. See Timmerman, 514 So.2d at 913 ; Wilson v. Manning, 880 So.2d 1101, 1110-11 (Ala. 2003) ; and Dansby v. Hagood, 719 So.2d 839, 842 (Ala. Civ. App. 1998).").